

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2002

# USA v. Schettler

Precedential or Non-Precedential:

Docket 1-2331

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Schettler" (2002). *2002 Decisions.* Paper 58.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/58

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2331


UNITED STATES OF AMERICA

v.

ROBERT GERARD SCHETTLER,
                                        Appellant.


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 00-31 Erie)
District Judge:  Honorable Sean J. McLaughlin


Argued:  January 15, 2002

BEFORE:  SCIRICA, GREENBERG, and BRIGHT, Circuit Judges

(Filed: January 29, 2002)


MEMORANDUM OPINION OF THE COURT




Thomas W. Patton, Esq.  (ARGUED)
Office of Federal Public Defender
1001 State Street
1111 Renaissance Centre
Erie, PA  16501
     Attorney for Appellant

Thomas M. Gannon, Esq. (ARGUED)
United States Department of Justice
Criminal Division, Appellate Section
Room 6206
10th & Constitution Avenue, N.W.
Patrick Henry Building
Washington, DC  20530

Marshall J. Piccinini, Esq.
Office of United States Attorney

100 State Street
Suite 302
Erie, PA  16507

Bonnie R. Schlueter, Esq.
Office of United States Attorney
633 United States Post Office & Courthouse
Pittsburgh, PA  15219
                Attorney's for Appellee


BRIGHT, Circuit Judge.

     A jury convicted Robert Gerard Schettler of conspiring to distribute and to possess with intent to distribute in excess of 500 grams of powder cocaine, in violation of 21 U.S.C.  846.  The district court sentenced Schettler to a custodial term of eighty-two months followed by a four-year term of supervised release.  On this appeal, Schettler claims that his conviction should be reversed because the trial court failed to suppress evidence and statements tainted by a warrantless search of Schettler's home.  After a careful review of this matter, we are convinced that there was no error in denying Schettler's motion to suppress.

     Review of a district court's decision to deny a motion to suppress evidence is plenary.  See United States v. Williams, 3 F.3d 69, 71 (3d Cir. 1993).  Review of a district court's findings of fact on a motion to suppress, including a subsidiary finding that a defendant's consent to search was voluntary, is for clear error.  See United States v. Kim, 27 F.3d 947, 954-55 (3d Cir. 1994).

     At the suppression hearing on January 16, 2001, the district court correctly concluded that Schettler was illegally seized when postal inspectors directed him to open the front door of his home.  The court noted that no reasonable person would have believed that he was free to remain in the house.  Having found that Schettler was illegally seized, the district court was obligated to analyze the subsequent statements and evidence under the fruit of the poisonous tree doctrine.  See Brown v. Illinois, 422 U.S. 590, 603-04 (1975) (mandating that a district court deciding whether evidence obtained following a Fourth Amendment violation is admissible must consider "[t]he temporal

proximity of the arrest and the confession, the presence of intervening circumstances, . . .
and, particularly, the purpose and flagrancy of the official misconduct.") (citations omitted).

The district court denied Schettler's motion to suppress.  The court concluded that Schettler voluntarily invited the postal officers into his kitchen and the officers minimized the coerciveness of the setting by holstering their weapons and limiting the number of the officers present in the kitchen.  The court also explained that Schettler had been given his Miranda rights and signed various consent forms.  The court considered Schettler's age and educational background and found that he was an educated, middle-aged man.  In the final analysis, the court declared "that any technical seizure which may have occurred on the porch is of no moment insofar as the suppression issues involved in this motion are concerned."

Schettler contends that the district court failed to follow the law of Brown by not discussing the temporal proximity of the search or the statements to the illegal seizure, not mentioning the intervening circumstances, and not considering the purpose or flagrancy of the illegal seizure.

We conclude that the district court did follow the basic parameters of Brown v. Illinois. Schettler executed the consent forms while sitting at his kitchen table in a relatively calm, relaxed atmosphere.  The postal inspectors had put their weapons away and the number of officers in the kitchen was limited.  Schettler was allowed to go to the bathroom, he was over fifty years old, he had some college education, and he was employed.  The encounter was not unduly prolonged and the officers engaged in no physical or psychological pressure or coercion.

We reject Schettler's contention that the district court rested its ruling entirely on the fact that Schettler was given his Miranda warnings and was informed that he did not have to consent to a search.  It is true that Brown unequivocally states that giving Miranda warnings does not, by itself, purge the taint of the illegal seizure.  Id. at 602 (explaining that if Miranda warnings, by themselves, were held to attenuate the taint of an unconstitutional arrest, the effect of the exclusionary rule would be substantially diluted).

In this case, however, the court also considered Schettler's age, educational background, the lack of coercion on the part of the officers, and the postal inspector's explanation of the consent forms.  Further, consideration of the Brown factors was unnecessary to determine that the taint of the illegal seizure had been purged.

For the foregoing reasons, the judgment of conviction and sentence entered against Schettler will be affirmed.

TO THE CLERK:

Please file the foregoing memorandum opinion.

/s/Myron H. Bright
Circuit Judge